**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1147
_____

DAMIEN STEPHEN DONAHUE,
                                        Appellant
v.

J. GRONDOLSKY, WARDEN, F.C.I. - FT. DIX
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 08-cv-05533)
District Judge: Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 24, 2010

Before:  RENDELL, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed:  September 13, 2010)
_____

OPINION
_____

PER CURIAM

    Appellant Damian Donahue appeals from the District Court's order denying his

petition for writ of habeas corpus, 28 U.S.C. § 2241.  For the foregoing reasons, we will

affirm.

1

Donahue was sentenced in United States District Court for the District of Minnesota on May 30, 2003 to a term of imprisonment of 120 months for conspiracy to possess with intent to distribute in excess of 900 grams of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A) and § 846. While incarcerated at the Federal Prison Camp in Duluth, on December 3, 2007, a correctional officer found a piece of white tape on the outside back of Donahue's bottom clothing drawer in dorm M room 208. Inside the tape was a cellular phone SIM (Subscriber Identity Module) card. Donahue was charged with violating code 199 for engaging in: "Conduct which disrupts or interferes with the security or orderly running of the institution" by engaging in conduct most like "Possession, manufacture, or introduction of a hazardous tool (code 108)." A code level 100 misconduct is the most serious form of misconduct. 28 C.F.R. § 541.13 Tables 3-5.

Donahue denied that the SIM card was his. He maintained throughout the disciplinary proceedings that he had been set up by other inmates, but he had no witnesses or documentary evidence to support this assertion. Because of the seriousness of the misconduct, the Unit Disciplinary Committee referred the matter for a hearing. Following a hearing on December 14, 2007 before a Disciplinary Hearing Officer ("DHO"), at which Donahue was present, the DHO found that Donahue had committed the prohibited act and imposed the following sanctions: (1) 15 days disciplinary segregation; (2) disallowance of 41 days Good Conduct Time ("GCT"); and (3) forfeiture

2

of 166 days of non-vested GCT.  He also recommended a disciplinary transfer.[1]  The

DHO explained the reason for the sanctions as follows:

> Inmates are provided an account number to enter into the Inmate Telephone System (ITS), to ensure that staff can identify inmates using the phone for illicit or illegal purposes.  Inmates who circumvent the ITS monitoring by using a cell phone have been known to disrupt the safety and security of the institution, by arranging drug-contraband introductions, providing messages related to gang activity, and/or to extort money.  Sanctions were imposed to express the seriousness of the infraction.  Although not directly related to the infraction, privileges were taken to deter the inmate from this behavior in the future.

Supp. App. at 60.  Donahue's release date prior to the imposition of these sanctions was

May 4, 2012, assuming he earned all GCT available to him; now Donahue will not be

released until November 19, 2012.

Donahue pursued the Bureau of Prison's Administrative Remedy Program, 28

C.F.R. § 542.10 et seq.  He submitted a Regional Administrative Remedy Appeal to the

BOP's Northeast Regional Office, contending generally that there was a lack of evidence

to support the charge, because, for example, just about anyone in the prison camp had

access to his dorm room.  Also, his room had been thoroughly searched that morning and

no contraband was discovered.  Donahue also asserted that on December 6, 2007 he asked

a Lieutenant to investigate the SIM card by verifying the cellular phone number assigned

to it.  Donahue also asked for a list of telephone numbers on the card.  He never received

---

[1] Donahue is now incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey.

this information, which he claimed was exculpatory, and thus his right to procedural due process at his hearing was violated. Donahue asked the Regional Director to restore his GCT.

The Regional Director denied the appeal, explaining:

> Your involvement in the incident was based upon the fact that the [SIM] card was discovered in your assigned area. Program Statement 5270.07, <u>Inmate Discipline</u>, states, it is an inmate's responsibility to keep his or her area free of contraband. You had access to the area where the card was found. You are responsible for checking your area for contraband.... There is no evidence to support your argument that the card was taped to your drawer by another inmate. Even if other inmates had access to the area in question, you were responsible for items in the particular area where the card was found.

Supp. App. at 22. The Regional Director specifically rejected Donahue's argument that the contents of the SIM card had any bearing on his guilt, explaining:

> The conduct involved in this incident involved a SIM card, which, in a prison setting, is deemed a hazardous tool. Thus, you were properly charged with an infraction categorized as a Greatest Severity misconduct. As noted above, your involvement in this incident was based upon the discovery of the card in your assigned area. The contents of the card are irrelevant to this particular charge.

<u>Id.</u>

Donahue appealed the Regional Director's decision to the Central Office, repeating his assertion that the clothes drawer where the SIM card was found was not secured by a lock and thus was accessible to other inmates. Donahue did not pursue any issue with respect to prison officials' failure to investigate the contents of the SIM card. In a response dated August 25, 2008, the Administrator, National Inmate Appeals, denied

4

Donahue's Central Office appeal.

The instant habeas corpus petition, 28 U.S.C. § 2241, in which Donahue sought restoration of 207 GCT days and expungement of the misconduct, followed. Donahue claimed that his right to procedural due process during the disciplinary proceedings was violated because the information on the SIM card was exculpatory and not disclosed to him. He also contended that the evidence of misconduct was insufficient. The BOP, through the respondent Warden, answered the petition and argued that Donahue had only partially exhausted his administrative remedies because he abandoned the SIM card exculpatory evidence claim on appeal to the Central Office. The BOP also addressed each of Donahue's arguments on the merits. Donahue then filed a reply.

In an order entered on November 5, 2009, the District Court denied the habeas corpus petition. The court found that there was no denial of procedural due process in Donahue's case, notwithstanding that the contents of the SIM card remained unrevealed (to both Donahue and the BOP, evidently). The court reasoned, in pertinent part, that Donahue did not timely request this information from anyone involved in the investigation or involved in the disciplinary proceedings before or at his DHO hearing, or even at his UDC hearing. In the alternative, even if Brady v. Maryland, 373 U.S. 83 (1963), applied to prison disciplinary proceedings, there was no exculpatory evidence obtained during the investigation that was not disclosed to Donahue. The contents of the SIM card could not have exonerated Donahue because of the nature of the charge against

5

him.

In addition, the District Court concluded that the DHO's findings were supported by "some evidence in the record," Superintendent v. Hill, 472 U.S. 445, 454-55 (1985). The DHO found, and Donahue did not dispute, that the SIM card was found taped to the back of his clothes drawer in his dorm room. The court rejected Donahue's constructive possession argument for lack of any evidence to support it other than his self-serving assertion that another inmate had set him up.

Donahue timely appeals. In his brief on appeal, Donahue again suggests that the SIM card was planted. He asserts that his area was thoroughly searched prior to 9:00 a.m. on the morning of December 3, 2007. He asserts that his clothes drawers were completely removed and searched and no contraband was discovered in his presence. While the search was ongoing, he was taken away to attend a disciplinary hearing on a different charge, and then taken immediately to disciplinary confinement. He did not return to his dorm room prior to the SIM card being discovered at 12:40 p.m. He also contends that, contrary to the District Court's finding, he repeatedly and timely made numerous requests for the contents of the SIM card. Moreover, the UDC refused to document his request for this evidence. Donahue contends that he is entitled to the contents of the SIM card, which would have been relatively easy for the BOP to extract, in order to prove his innocence. He also contends that the evidence of his guilt was insufficient because "140 inmates all had opportunity and potential access to his

6

unsecured clothes drawers." See Appellant's Informal Brief, at 6.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. United States v. Ceparo, 224 F.3d 256, 264-65 (3d Cir. 2000) (certificate of appealability not required to appeal from denial of section 2241 petition). A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir.), cert. denied, 130 S. Ct. 458 (U.S. 2009). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000).

The BOP has argued that Donahue did not fully and properly exhaust his administrative remedies, because he abandoned his specific argument concerning the exculpatory contents of the SIM card on appeal to the Central Office. Although there is a procedural default defense available under Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996), because Donahue's claims plainly lack merit, we will not reach the exhaustion of administrative remedies argument.

Under BOP regulations, an inmate is entitled: (a) to 24-hour advance written notice of the charge before the inmate's initial appearance before the DHO; (b) to a staff representative at the DHO hearing; (c) to make a statement and present documentary evidence at the DHO hearing; (d) to call witnesses to testify on his behalf and submit questions for those witnesses; and (e) to be present throughout the hearing, except during a period of deliberation or when institutional security would be jeopardized. 28 C.F.R. §

541.17(a)-(d).  The DHO must prepare a record of the proceedings that documents, among other things, the DHO's findings, the specific evidence relied upon by the DHO, and the DHO must give a brief statement of the reasons for the imposition of sanctions, see id. at § 541.17(g).  The inmate must be given a written copy of the DHO's decision and disposition, see id.

These procedures generally comport with the constitutional procedural due process requirements prescribed by Wolff v. McDonnell, 418 U.S. 539 (1974).  Wolff requires 24-hour advance written notice of the disciplinary charges, the opportunity when consistent with institutional and correctional goals to call witnesses and present documentary evidence, assistance in complex cases, and a written statement from the fact-finder as to the evidence relied on and the reasons for the disciplinary action.  See id. at 563-67.

Donahue does not contend that the above procedures were not followed in his case.  As to his contention concerning his right to an examination of the contents of the SIM card, the District Court properly found that Donahue did not make a timely request to anyone directly involved in the disciplinary proceedings.  The record reflects that Donahue first raised the exculpatory evidence issue on appeal to the Regional Director from the DHO's decision.  That was too late for any prison official at the hearing level to respond appropriately to the request.  At a minimum, Donahue should have brought his concern about the contents of the SIM card to the attention of the DHO at his disciplinary

hearing on December 14, 2007, and he should have asked for a postponement of the hearing. Cf. 28 C.F.R. § 541.17(b) ("The DHO shall afford a staff representative adequate time to speak with the inmate and interview requested witnesses where appropriate. While it is expected that a staff member will have had ample time to prepare prior to the hearing, delays in the hearing to allow for adequate preparation may be ordered by the Discipline Hearing Officer."). And if, as Donahue asserts on appeal, the UDC had previously refused to document his request for this evidence, he should have called that alleged refusal to the attention of the DHO as well.

Instead, the record shows that Donahue waived his right to a staff representative who might have been able to assist him, and limited his defense to a statement that "[s]taff are in my room every week looking for something" and "I was set up." Supp. App. at 59-60. This is not sufficient to put the DHO on notice that he wanted to present specific evidence of the contents of the SIM card. Further, we conclude that the District Court did not clearly err in determining that Donahue's alleged prior effort to raise the issue with a staff member involved in some other investigation was not sufficient to bring the matter to the attention of prison officials actually involved in disciplining him in this case.

In any event, even if Donahue had timely requested the information, because he was charged only with possession of a SIM card as hazardous contraband, the content of the SIM card was not material evidence, just as the Regional Director concluded. The

9

Seventh Circuit Court of Appeals has held that the rule of Brady v. Maryland requiring the disclosure of material exculpatory evidence applies to prison disciplinary proceedings. See Chavis v. Rowe, 643 F.2d 1281, 1285-86 (7th Cir. 1981). See also Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003) (citing Young v. Kann, 926 F.2d 1396, 1403 (3d Cir. 1991) (claim that hearing officer violated inmate's right to due process by refusing to produce letter in which inmate allegedly threatened cell-mate should not have been dismissed as frivolous)). But see Griffin v. Spratt, 969 F.2d 16, 22 (3d Cir. 1992) (limiting due process violation to circumstance where "existing evidence is improperly withheld and hearsay is offered in its place"). But identifying the true owner of the SIM card (assuming it was not Donahue) by verifying the cellular phone number assigned to it and/or revealing the list of calls made and received would not have exonerated Donahue of *possession* of contraband. The contents of the SIM card was not material evidence, and the fact remains that it was found taped to the back of his bottom clothes drawer, and Donahue does not dispute that SIM cards are properly prohibited in the prison setting; nor does he dispute the reasonableness of the requirement that inmates keep their assigned area free of contraband.

As to his assertion that the evidence was insufficient to find him guilty of the prohibited act, the record shows that Donahue came forward with no evidence to substantiate his assertion that he had been set up. Donahue argues on appeal that his area was thoroughly searched on the morning of December 3, 2007 and no contraband was

discovered; thereafter, he had no opportunity to hide the SIM card. But, under Hill, neither we nor the District Court are required to re-weigh the evidence, or re-assess the credibility of Donahue's defense. 472 U.S. at 455-56. All that is required for the District Court to uphold the DHO is evidence in the record to support the conclusion. See id. ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact."). That record evidence plainly exists in Donahue's case in that the SIM card was found taped to the back of his bottom clothing drawer. In view of Donahue's unsupported defense that he had been "set up," the discovery of the SIM card is plainly "some evidence" supporting the determination that he possessed a hazardous tool. Id. at 455.

Further, Donahue's "constructive possession" argument – that he shared a cell with three other inmates and any of the numerous inmates assigned to his dorm could have had access to his area – has little or no force in view of the fact that the SIM card was taped to the back of *his* clothes drawer. Again, Donahue did not dispute the reasonableness of the requirement that inmates keep their assigned area free of contraband, and this is not a case where the contraband was found concealed within a structure that was not assigned to any particular inmate. See, e.g., Hamilton v. O'Leary, 976 F.2d 341, 343 (7th Cir. 1992) (addressing weapons found in vent which ran vertical length of eight cells).

For the foregoing reasons we will affirm the order of the District Court denying the habeas corpus petition.